UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**COREYANN MILLIGAN-GNIEWEK**,

    Plaintiff,

          Case No.
vs.          Hon.

**TARGET CORPORATION**,
a Minnesota corporation,

    Defendant.

---

**GASIOREK, MORGAN, GRECO,
MCCAULEY, & KOTZIAN, P.C.**
Donald J. Gasiorek (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy Suite 425
Farmington Hills, MI 48334
(248) 865-0001 / (248) 865-0002 (Fax)
dgasiorek@gmgmklaw.com

---

# PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, COREYANN MILLIGAN-GNIEWEK, by her attorneys, GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C., states the following for her Complaint against Defendant:

1. This Complaint asserts claims of employment discrimination in violation to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 USC §621, *et seq.*, and the Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.2101, *et seq.*

## PARTIES

2. Plaintiff, COREYANN MILLIGAN-GNIEWEK, is an individual residing in Brighton, Livingston County, Michigan; and at the time the unlawful employment discrimination occurred, Plaintiff was employed and working for Defendant in Novi, Oakland County, Michigan.

3. Defendant, TARGET CORPORATION, is a Minnesota Corporation authorized to and conducting business in Michigan and has a place of business in Novi, Oakland County, Michigan. At all relevant times, Defendant's resident agent and registered office are located in Plymouth, Wayne County, Michigan.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant because Defendant conducts business on a regular and systematic basis in the Eastern District of Michigan and has a place of business in the Eastern District of Michigan.

5. This Court has jurisdiction over Plaintiff's ADEA claim under and pursuant to 28 USC §§1331 and 1343.

6.      This Court has jurisdiction over Plaintiff's state law claim under and pursuant to 28 USC §1367.

7.      On June 17, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

8.      Plaintiff received notification of the right to sue notice from the EEOC on or about July 25, 2019.  **Exhibit A.**

9.      Plaintiff has timely filed this Complaint within 90 days of receiving the right to sue notice.

10.     Venue is proper in this judicial district pursuant to 28 USC §1391 because the events giving rise to the claim occurred in this judicial district.

## GENERAL ALLEGATIONS

11.     Plaintiff's date of birth is November 7, 1963.

12.     On March 20, 2008, Plaintiff began her employment with Defendant as a Logistics Flow Team Member at its store located in Brighton, Michigan.

13.     In or about 2009, Plaintiff's title changed to Human Resource ("HR") Team Member.

14.     In 2012, Defendant transferred Plaintiff from its store in Brighton, Michigan to one of its stores (the "T-1465 store") located in Novi, Michigan.

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C. 30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

3

15. Plaintiff, at all times, performed her job duties and responsibilities as a HR Team Member in a satisfactory or above-satisfactory manner.

16. Plaintiff, at all times, demonstrated that she was qualified for her position and qualified to retain her position.

17. All of the performance evaluations maintained by Defendant in Plaintiff's personnel file rate her performance as "fully meets" or "exceeded job requirements".

18. None of her performance evaluations rated her performance as unsatisfactory or unacceptable.

19. There are also no written warnings or corrective actions contained in Plaintiff's personnel file.

20. In fact, all "Final Merit Reviews" contained in the Plaintiff's performance evaluations which were prepared and signed by Defendant's management personnel between 2009 and March 24, 2018 rated Plaintiff as "Excellent" or "Delivered Exceptional Outcomes".

21. In May 2018, Plaintiff's immediate supervisor whose title/position was Executive Team Leader of Human Resources ("ETL-HR") left Defendant's employ. Defendant replaced the former ETL-HR in or around June 2018; however, the replacement left Defendant's employ in or about August 2018.

4

22.   Between August 2018 and December 2018, Plaintiff did not have an ETL-HR or direct supervisor.

23.   During this time period, Plaintiff's duties and responsibilities dramatically increased; and as a result, she worked nights and on weekends, and postponed two vacations.

24.   During this time period, the store manager (or "Store Team Leader") of Defendant's T-1465 store told Plaintiff that Defendant wanted to get rid of a maintenance employee because he was too old.

25.   Plaintiff further noticed that Defendant began reducing the number of scheduled hours of older hourly employees as opposed to the younger hourly employees with less seniority.

26.   On or about December 3, 2018, Defendant assigned a new ETL-HR to its T-1465 store.   The new ETL-HR became Plaintiff's direct supervisor.

27.   The new ETL-HR was more harsh and more abusive in her communication and interactions with Plaintiff and treated younger employees more favorably than Plaintiff.

28.   On or about December 19, 2018, Defendant, suddenly and without any prior warning, terminated Plaintiff's employment.

29.   Defendant terminated Plaintiff's employment without justification.

5

30. After Plaintiff's unjust firing, Plaintiff learned that Defendant had terminated the maintenance employee who the store team leader had previously said Defendant wanted to get rid of because the maintenance employee was too old.

31. On or about January 3 or 4, 2019, Plaintiff telephoned Defendant's "Employee Relations Integrity Hotline" ("Hotline") to express concern and complain that she believed her termination was unjust and unfair.

32. On or about January 16, 2019, Plaintiff received a telephone call from Defendant's representative who appeared confused by Plaintiff's call to the Hotline because, Defendant's representative said, the Defendant's records indicated that Plaintiff's status or separation was "retired".

33. Upon information and belief, Plaintiff was replaced by, and/or her former duties and responsibilities were assumed by, a younger individual.

34. Plaintiff's age was a factor in Defendant's decision to terminate her employment.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

35. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint.

6

36.     Defendant is an "employer" as that term is defined in the ADEA.

37.     As an employer, Defendant owed Plaintiff a duty pursuant to the ADEA not to discriminate against her with respect to employment, compensation or a term, condition or privilege of employment because of her age.

38.     Defendant violated this duty to Plaintiff by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment, and otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities and/or privileges of her employment because of her age.

39.     Defendant's discriminatory termination of Plaintiff because of her age was willful and deliberate.

40.     As a direct and proximate result of Defendant's actions, Plaintiff suffered damages, including but not limited to, loss of past and future income, mental anxiety and distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter its Judgment against Defendant for money damages in whatever amount is shown to be established by the proofs of this case, plus liquidated and/or punitive damages, together with appropriate equitable and injunctive relief, and the imposition of attorney fees and costs.

7

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE ELCRA

41. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

42. At all times relevant herein, Plaintiff was an employee and Defendant satisfied the definition of an employer within the meaning of Michigan's ELCRA, MCL §37.2101, *et seq.*, as amended.

43. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her age.

44. Defendant violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment, and otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities and/or privileges of her employment because of her age.

45. As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

### PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

Respectfully submitted,

**GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.**

BY:   /s/ Donald Gasiorek
DONALD J. GASIOREK (P24987)
Attorneys for Plaintiff
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
dgasiorek@gmgmklaw.com

Dated: October 4, 2019

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**COREYANN MILLIGAN-GNIEWEK**,

Plaintiff,

Case No.

vs.                                                    Hon.

**TARGET CORPORATION**,
a Minnesota corporation,

Defendant.

---

## **DEMAND FOR JURY TRIAL**

Plaintiff, COREYANN MILLIGAN-GNIEWEK, by her attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., demands a trial by jury in this cause of action.

Respectfully submitted,

**GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.**

BY:   /s/ Donald Gasiorek_____
DONALD J. GASIOREK (P24987)
Attorneys for Plaintiff
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
dgasiorek@gmgmklaw.com

Dated: October 4, 2019

10